# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# IN CHARLESTON

**BRIAN L. CORBETT,**

    **Movant,**

v.                                                      **Case No. 2:10-cr-00015-1**
                                                                 **Case No. 2:11-cv-00325**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDING AND RECOMMENDATION

The undersigned has reviewed the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 111] ("2255 Motion") filed by movant Brian L. Corbett ("the movant"). After careful consideration, the undersigned respectfully proposes that the presiding District Judge deny the same.

### Factual and Procedural Background

The movant robbed the Logan, West Virginia, branch of the Boone County Bank on December 8, 2009. With a mask on his face and a loaded handgun in each hand, he robbed the bank of approximately $33,000. See ECF No. 60 at 9-10. The movant was arrested on December 14, 2009. On December 18, 2009, Criminal Justice Act panel member Mr. Tim C. Carrico was appointed to represent the movant. ECF No. 11. On January 14, 2010, a four count indictment, ECF No. 12, was returned against the movant. The indictment charged him with aggravated bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 924(g)(1) and 924(a)(2); and possession of a stolen firearm, in violation of 18 U.S.C. §§

922(j) and 924(a)(2).  Due to the fact that he faced an advisory guideline range of at least 360 months to life in prison due to his career offender status and the Section 924(c) charge pending against him, the movant and the United States eventually reached a plea agreement, ECF No. 60, under which the movant pled guilty to a single count of aggravated bank robbery.  The agreement exposed the movant to a maximum prison term of twenty-five years, and an advisory guideline range of 188 to 235 months of imprisonment, based upon an offense level of 31.  In return for this generous deal, the movant waived his right to appeal his conviction or sentence as long as his sentence fell within or below the advisory guideline range corresponding to an offense level of 34, the movant's offense level prior to any determination of acceptance of responsibility.  See id. at 5.  The sole exception to the waiver was a provision that allowed the movant to file a direct appeal or post-conviction collateral attack on the ground of ineffective assistance of counsel.  Id.  The movant pled guilty on May 19, 2010, before the Honorable Thomas E. Johnston, United States District Judge, who then sentenced the movant to a term of 235 months' imprisonment on November 1, 2010.  Judgment was entered on November 8, 2010.  See ECF Nos. 66 and 95.

On November 22, 2010, Mr. Carrico filed a notice of appeal on behalf of the movant.  ECF No. 100.  On January 14, 2011, the movant filed a motion to dismiss that appeal, see ECF No. 118, ex. 1 at 2, which he personally signed along with his counsel, pursuant to Fourth Circuit Local Rule of Appellate Procedure 42.  On January 18, 2011, the United States Court of Appeals for the Fourth Circuit granted that motion and dismissed the movant's appeal; the Fourth Circuit's mandate took effect that day.

On May 20, 2011, the movant timely filed the instant 2255 motion.  ECF No. 111.  The movant alleges two ground of ineffective assistance of counsel.  First, he claims that

Mr. Carrico was ineffective for his failure to file a direct appeal on his behalf. Id. at 4. According to the movant's affidavit, ECF No. 112, the notice of appeal that had been filed was, in fact, a handwritten pro se filing from the movant himself. The movant's second claim is that his counsel was ineffective for moving to dismiss his appeal without his permission. "I . . . did not authorize the withdrawal of my direct appeal because I believed the sentence was erroneous, but counsel filed the motion anyway against my will." Id. at 2. Furthermore, the movant claims that "the record clearly reflects that I did not willingly, knowingly, or voluntarily waive my direct appeal." Id.

## Analysis

The right to the effective assistance of counsel extends to a criminal defendant's first appeal as of right. Evitts v. Lucey, 469 U.S. 387, 396 (1985).

The Supreme Court addressed the right to effective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; the movant must show that the representation fell below an objective standard of reasonableness. Id. at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. Id. at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance ... [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Id. at 690.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. Id. at 697.

Ground One: The Movant's Notice of Appeal

The movant first claims that his counsel was ineffective for failing to file a notice of appeal, and that the notice that was actually filed was a pro se filing from the movant himself. The United States, in its response, ECF No. 118, argues that this claim is false, inasmuch as the notice of appeal that was docketed by the Court, ECF No. 100, was clearly from Mr. Carrico. In his reply, ECF No. 121, the movant continues to insist that Mr. Carrico did not file the notice of appeal.

The notice of appeal that was filed in the movant's case was clearly filed by Mr. Carrico. Therefore, the undersigned proposes that the presiding District Judge **FIND** as follows:

A) The representation of the movant's counsel, Mr. Carrico, did not fall below an objective standard of reasonableness, inasmuch as he did indeed file a notice of appeal, despite the fact that it was precluded by the movant's plea agreement.

B) That, regardless, there was no prejudice to the movant, who waived his right to appeal in his plea agreement.

Ground Two: The Dismissal of the Movant's Appeal

The movant's second claim is that his counsel was ineffective for moving to dismiss his appeal without his authorization.  See ECF No. 111 at 18 and ECF No. 112.  In response, the United States argues that this assertion is clearly proven wrong by the record, as the movant's own signature was on the motion to dismiss his appeal, as required by the Fourth Circuit's Local Rules.  In his reply, the movant concedes that he signed the motion to dismiss, but nevertheless claims that Mr. Carrico was ineffective.  He also asserts that the United States has presented no evidence to rebut his claims.

The movant himself concedes that he signed the motion to dismiss his appeal.  To the extent that he claims that this consent, or his overall waiver of his right to appeal, was not given knowingly or voluntarily, such a claim has no support other than the movant's self-serving allegation.   Therefore, the undersigned proposes that the presiding District Judge **FIND** as follows:

A) The representation of the movant's counsel, Mr. Carrico, did not fall below an objective standard of reasonableness, inasmuch as the movant consented to the motion to dismiss his appeal.

B) That, regardless, there was no prejudice to the movant, who waived his right to appeal in his plea agreement.

The undersigned further notes that the plea agreement negotiated by Mr. Carrico was clearly beneficial to the movant, who otherwise faced a life sentence if he was convicted at trial.

## Recommendation

It is respectfully **RECOMMENDED** that the movant's 2255 Motion (ECF No. 111) be **DENIED**.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the movant, and to transmit it to counsel of record.

ENTER: October 24, 2011

Mary E. Stanley
United States Magistrate Judge